IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RUBEN MENA,<br><br>      Plaintiff,<br><br>  v.<br><br>RON DESANTIS, et al.,<br><br>      Defendants. | CIVIL ACTION NO.: 2:22-cv-136 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RUBEN MENA,<br><br>      Plaintiff,<br><br>  v.<br><br>MICHAEL CARVAJAL, et al.,<br><br>      Defendants. | CIVIL ACTION NO.: 2:22-cv-140 |

**O R D E R**

These matters are before the Court on Plaintiff's Complaints in the above-captioned cases. After review, Plaintiff's allegations in his Complaints are related to each other. Thus, the Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings docketed in Civil Action Number 2:22-cv-140 upon the record and docket of Civil Action Number 2:22-cv-136; **CONSOLIDATE**

Civil Action Numbers 2:22-cv-136 and 2:22-cv-140; and **CLOSE** Civil Action Number 2:22-cv-140 and enter the appropriate judgment of dismissal in Civil Action Number 2:22-cv-140. The Court also **DIRECTS** the Clerk of Court to issue a refund to Plaintiff for the filing fee paid in Case Number 2:22-cv-140. Because Plaintiff has paid the applicable filing fee, he is responsible for ensuring Defendants are served with a copy of his Amended Complaint.

## DISCUSSION

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Id. at 1169 (internal quotes omitted). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973); see also Devlin v. Transp. Communs. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (explaining courts can sua sponte consolidate cases under Rule 42(a)). In exercising this discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

A review of Plaintiff's two Complaints reveals he states Defendants have violated his constitutional rights, in part, because his convictions were obtained in the State of Florida, yet he is housed at a Bureau of Prisons' facility in Georgia. The resolution of the allegations in both Complaints will require application of common factual and legal questions. In light of the facts presented and the factors set forth in Hendrix, the Complaints in these two causes of action should be considered together to ensure consistent rulings.

To this end, the Court **DIRECTS** Plaintiff to file a single, consolidated Amended Complaint, which is to be filed in Case Number 2:22-cv-136 only and which is to comply with the following instructions, **within 14 days of this Order**. **The Court advises Plaintiff to read and follow these directions carefully:**

(1) The Amended Complaint must be on the Court-approved civil rights complaint form to be used by prisoners in actions arising under 42 U.S.C. § 1983/Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]

(2) The Amended Complaint must be clearly labelled "First Amended Complaint" and place the correct civil action number (2:22-cv-136) on the first page of the form.

(3) No more than 10 pages may be attached to the form (this includes written allegations and attachments).

(4) The Amended Complaint must be legible with writing on only one side of each page.

(5) Each intended defendant must be identified by name or by sufficient details to describe the individual.

(6) The Amended Complaint should include only factual allegations concerning events where the rights of Plaintiff were violated or Plaintiff was injured, including the date and location of each alleged violation.

(7) The Amended Complaint must describe each alleged violation and identify each defendant responsible for each alleged violation.

---

[1] The Court **DIRECTS** the Clerk of Court to send the appropriate complaint form and a copy of this Order to Plaintiff.

      (8)      The Amended Complaint should not contain legal argument or conclusions.

Once filed, Plaintiff's Amended Complaint will supersede and replace his original Complaints. Therefore, Plaintiff **must not** refer back to the previous Complaints or any of their attachments and **must not** incorporate any part of the previous Complaints by reference in his Amended Complaint. Claims made against particular defendants in Plaintiff's original Complaints are not preserved unless they are also set forth in the Amended Complaint.

**Failure to comply with this Order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in the dismissal of this cause of action without further notice for failure to prosecute and failure to follow a Court Order.**

Additionally, the Court **ORDERS** Plaintiff to advise the Court in writing of any change of address during the pendency of this action. Plaintiff's failure to abide by this directive will result in the dismissal of Plaintiff's Complaint, without prejudice, for failure to follow an Order of this Court.

## CONCLUSION

For the above-stated reasons, the Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings docketed in Civil Action Number 2:22-cv-140 upon the record and docket of Civil Action Number 2:22-cv-136; **CONSOLIDATE** Civil Action Numbers 2:22-cv-136 and 2:22-cv-140; and **CLOSE** Civil Action Number 2:22-cv-140 and enter the appropriate judgment of dismissal in Civil Action Number 2:22-cv-140. The Court also **DIRECTS** the Clerk of Court to issue a refund to Plaintiff for the filing fee paid in Case Number 2:22-cv-140.

Because Plaintiff has paid the applicable filing fee, he is responsible for ensuring Defendants are served with a copy of his Amended Complaint. Fed. R. Civ. P. 4.

**SO ORDERED**, this 3rd day of March, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA