IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RUBEN MENA, | |
| Plaintiff, | CIVIL ACTION NO.: 2:22-cv-136 |
| v. | |
| RON DESANTIS, et al., | |
| Defendants. | |

**O R D E R**

Plaintiff filed this case against multiple Defendants but has failed to timely serve most of them.  Accordingly, I **DISMISS without prejudice** Plaintiff's claims against all Defendants.  I **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

BACKGROUND

Plaintiff filed his Complaint on November 30, 2022, and paid the full filing fee on January 4, 2023.  Doc. 1; Dkt. entry dated Jan. 4, 2023.  Plaintiff consented to my plenary review in this case, and on March 3, 2023, I ordered another case Plaintiff filed to be consolidated into this one.  Docs. 3, 5, 7.  By this same Order, I directed Plaintiff to file a single, consolidated Amended Complaint.  Doc. 7.  Plaintiff filed his Amended Complaint on March 22, 2023.  Doc. 13.

Plaintiff failed to provide any proof of service on any of the Defendants, despite the Court's reminder he is responsible for service of his Amended Complaint.  Doc. 7 at 2.  I issued an Order requiring Plaintiff so either show proof of service on Defendants or good cause for his

failure to serve Defendants. Doc. 14. Plaintiff responded, stating he mailed copies of his Complaint to all 11 Defendants via certified mail, but Plaintiff did not attach any proof of service. Doc. 15. I now address the lack of timely service on Defendants.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure, which addresses the time limit for service, provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4. Additionally, Rule 4(e) dictates the requirements for serving an individual. Rule 4(e) states an induvial may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Id. Plaintiff sates he mailed a copy of the Complaint to each Defendant named in the lawsuit. Doc. 15. However, Plaintiff's attempts to complete service by mailing copies by certified mail did not comply with the requirements of Rule 4(e).[1] Plaintiff did not personally serve the summons, leave a copy at the Defendant's dwelling, or deliver a copy to an authorized agent. Plaintiff does not argue he completed service by attempting to follow Georgia law for serving a summons either. The only remaining consideration is whether Plaintiff has shown good cause

---

[1] Plaintiff states he attached a copy of the "mail log" with his letter. Doc. 15 at 1. However, no mail log was attached to Plaintiff's filing. Regardless, a mail log showing copies were mailed by certified mail is not sufficient to show proof of service and this has no bearing on my decision.

for failing to serve Defendants.

"Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007). Even when a plaintiff cannot demonstrate good cause, the district court must consider other circumstances that might warrant a permissive extension of time to serve defendants. "[A] district court's dismissal of a case under Rule 4(m) after finding that the plaintiff did not demonstrate good cause but before considering whether the facts of the case justify a permissive extension of the service period is 'premature.'" Bilal v. Geo Care, LLC, 981 F.3d 903 (11th Cir. 2020) (citing Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007)). Absent good cause, courts primarily consider whether the defendant is somehow evading service or whether the statute of limitations would bar the refiling of the lawsuit. Horenkamp v. Van Winkle And Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005); see also West v. Lewis Color Lithographers, No. CV606-64, 2007 WL 2071531, at *3 (S.D. Ga. July 16, 2007) ("That [forgiving] treatment contrasts with cases where litigant indolence is accompanied by no limitations bar."). Courts may, at their discretion, extend the time for service or dismiss defendant without prejudice considering such circumstances. See Horenkamp, 402 F.3d at 1133 ("[T]he running of the statute of limitations does not require that a district court extend the time for service of process . . . .").

Plaintiff ultimately has the responsibility for serving Defendants. Plaintiff raises no reasons for failure to properly complete service in this case. Plaintiff is currently incarcerated and is proceeding in this case without counsel, but Plaintiff has paid the full filing fee. On July 6, 2023, the Court allowed Plaintiff 14 days to provide proof of service on all Defendants after he filed his Amended Complaint. Doc. 14. The Court warned Plaintiff at the time failure to

3

timely complete service of process may result in dismissal of Plaintiff's claims against unserved Defendants. Id. Plaintiff raised no further concerns about serving any Defendants. Plaintiff has made no showing of good cause to again extend the deadline for service.

Absent good cause, the Court finds no other reason to use its discretion to grant another extension to serve Defendants at issue. See Marcus v. Postmaster Gen. U.S. Postal Serv. Se. Area, 461 F. App'x 820, 822 (11th Cir. 2011) (finding the district court did not abuse its discretion by dismissing plaintiff's complaint sua sponte after plaintiff attempted to comply with Rule 4(i) but failed to send his complaint to the proper recipients); Jackson v. Warden, FCC Coleman-USP, 259 F. App'x 181, 183 (11th Cir. 2007) (upholding refusal to provide additional time to serve United States under Rule 4(m) and dismissal of claims for lack of service); Gunn v. Jariel, No. CV306-309, 2007 WL 2317384, at *3 (S.D. Ga. Aug. 10, 2007) (concluding plaintiff did not show good cause for failing to effect service, notwithstanding plaintiff's ligament transplant surgery during litigation). Plaintiff has made no showing the statute of limitations will bar him from re-filing his claims against these Defendants, and Plaintiff has made no showing these Defendants are evading service. Because Plaintiff has neglected to complete service upon all Defendants, Plaintiff's claims against these Defendants are due for dismissal.

To the extent Plaintiff is proceeding without counsel, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262 (11th Cir. 1998). However, the liberal construction rule does not generally apply to procedural rules and deadlines. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding liberal construction

of the pleading requirements for pro se litigants does not equate with liberal deadlines). Plaintiff may not rely on his pro se status to continue to extend the time to complete service.

## CONCLUSION

For the reasons discussed above, I **DISMISS without prejudice** Plaintiff's claims against all Defendants and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 13th day of March, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA